# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50649
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS GARZA, JR., also known as Jose Luis Garza,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:00-CR-94-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garza, Jr., federal prisoner # 03310-180, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. He contends that the district court abused its discretion in denying his § 3582(c)(2) motion because the jury acquitted him on the drug conspiracy count and the evidence at trial did not support the district court's finding that he was involved in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50649

trafficking of multiple kilograms of cocaine for approximately four years prior to his arrest.  Garza also argues that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, and that his 235-month sentence was substantively unreasonable in light of the totality of the circumstances in his case.

The district court correctly recognized that Garza was eligible for a sentence reduction and that his original sentence was within his new guidelines range.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  Although Garza was eligible for a sentence reduction, the district court was under no obligation to grant him one.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Garza's arguments in favor of a sentence reduction, including his lack of criminal history and his post-sentencing conduct, were set forth in his § 3582(c)(2) motion.  The district court implicitly considered Garza's arguments and the relevant factors but concluded, as matter of discretion, that a lower sentence was not warranted.  In doing so, the district court noted that Garza and at least 12 others were involved in the trafficking of multiple kilograms of cocaine for approximately four years prior to his arrest.  Although Garza was acquitted on the drug conspiracy count, "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  *United States v. Watts*, 519 U.S. 148, 157 (1997).  Garza's drug trafficking activities during the relevant time period were set forth in the presentence report.  Garza has not shown that the district court based its decision on an error of law or on a clearly erroneous assessment of the evidence, and, thus, the district court did not abuse its discretion in denying his § 3582(c)(2) motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th

No. 15-50649

Cir. 2011); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Accordingly, the district court's judgment is AFFIRMED.